# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JON AND TRACY COCKSON, | |
| Plaintiffs, | |
| vs. | CIVIL ACTION NO. CV-17-354 |
| LUMBER LIQUIDATORS, INC., a Delaware Corporation, LUMBER LIQUIDATORS LEASING, LLC, a Delaware Limited Liability Corporation, LUMBER LIQUIDATORS HOLDINGS, INC., a Delaware Corporation, LUMBER LIQUIDATORS SERVICES, LLC, a Delaware Limited Liability Corporation, | Plaintiffs demand trial by jury |
| Defendants. | |

## COMPLAINT

Plaintiffs Jon and Tracy Cockson hereby file this Complaint against and Defendants and in support thereof, state the following:

## PARTIES

1. Plaintiffs are a married couple and are residents of Baldwin County, Alabama who on November 23, 2012, purchased laminate wood veneer flooring manufactured in China that contains

toxic levels of formaldehyde, a known carcinogen (hereinafter referred to as the "Toxic Laminate Flooring"), from a Lumber Liquidators outlet in Pensacola, Florida.

2. Defendant, Lumber Liquidators, Inc. is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168. Lumber Liquidators, Inc. is licensed and doing business in the State of Alabama.

3. Defendant, Lumber Liquidators Leasing, LLC, is a Delaware Limited Liability Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

4. Defendant, Lumber Liquidators Holdings, Inc. is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

5. Defendant, Lumber Liquidators Services, LLC, is a Delaware Limited Liability Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

7. The Court has personal jurisdiction over Defendants because a substantial portion of the alleged wrongdoing occurred in Alabama. Defendants also have sufficient minimum contacts with Alabama and have otherwise intentionally availed themselves of the markets in Alabama through the promotion, marketing, and sale of products sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. § l39l(b)(2), 1392(b)(3) and 1392(d) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District, a substantial part of the property that is the subject of this action is situated in this District, and Defendants are subject to the Court's

personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

9. Defendants' have manufactured, labeled and sold Toxic Laminate Flooring as being compliant with "CARB regulations in the State of California." CARB mandates are typically the model for national standards. CARB is an acronym for California Air Resources Board, an entity which has promulgated safety standards for the emission of formaldehyde for products sold in Florida.

10. Defendants' laminate wood flooring is not what it purports to be. The laminated floor wood contains a dangerous level of formaldehyde gas which exceeds the "CARB regulations in the State of California" and the standards promulgated in the Toxic Substances Control Act, 15 U.S.C. 2601 et. seq. (Title VI- Formaldehyde Standards of Composite Wood Products) and is hazardous to human health.

11. Formaldehyde gas can cause cancer, asthma, chronic respiratory irritation and other ailments including skin and breathing problems. The risk of these health problems is significantly greater for children.

12. Formaldehyde is the sort of toxic substance to which people may be exposed without knowing they are at risk. Day after day, week after week, month after month, Plaintiffs lives in their home, an enclosed place, where their flooring is emitting toxic cancer-causing fumes.

13. As such, the Toxic Wood Flooring Defendants sold Plaintiffs poses great health risks.

14.     Defendants' marketing materials for the Toxic Laminate Flooring contain false and misleading information relating to compliance with Alabama standards and designed to increase sales of the products at issue.

15.     Defendants' deceptively manufactured, labeled, and sold the Toxic Laminate Flooring. The Toxic Laminate Flooring, having no monetary value, is worthless.

16.     Plaintiffs have been damaged by Defendants' dangerous and deceptive Toxic Laminate Flooring. Plaintiffs are entitled to a return of the full purchase price paid for Toxic Laminate Flooring and other damages to be proven at trial.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Violation of Alabama's Deceptive Trade Practices Act)
### Ala. Stat. §8-19-5

22.     Plaintiffs re-allege and incorporate herein by reference all preceding paragraphs, as if fully set forth herein.

23.     Defendants' conduct constitutes unlawful deceptive and unconscionable trade practices.  Defendants' conduct was consumer-oriented and this conduct had broad impact on consumers at large.  Defendants' engaged in false, misleading, and unlawful advertising, marketing and labeling of Defendants' Toxic Laminate Flooring.  Defendants' manufacture, distribution and sale of Defendants' Toxic Laminate Flooring were similarly unlawful.

24.     Defendants' unlawfully sold its Toxic Laminate Flooring to Alabama residents who installed said flooring in their home in Baldwin County, Alabama.

25.     As fully alleged above, by advertising, marketing, distributing and selling mislabeled Toxic Laminate Flooring to Plaintiffs, Defendants engaged in, and continue to engage in, unlawful deceptive and unconscionable trade practices.

26.     Defendants' misleading marketing, advertising, packaging and labeling of

Defendants' Toxic Laminate Flooring was likely to deceive reasonable consumers.

27. By purchasing Defendants' Toxic Laminate Flooring, Plaintiffs were deceived.

28. Defendants' have engaged in unlawful deceptive and unconscionable practices.

29. Plaintiffs were injured by Defendants' unlawful deceptive and unconscionable trade practices.

30. Defendants' sold Plaintiffs a product that had no economic value. Defendants' violation of Ala. Stat. §8-19-5 remains ongoing.

31. As a direct and proximate cause of Defendants' violation of Ala. Stat. §8-19-5, Plaintiffs were injured when they paid for this illegal and worthless product. Plaintiffs have been damaged in an amount to be determined at trial.

32. As a result of Defendants' unlawful deceptive and unconscionable trade practices, Plaintiffs, pursuant to Ala. Stat. §8-19-5, are entitled to damages which may be necessary to disgorge Defendants' ill-gotten gains and to restore to Plaintiffs any money paid for Defendants' Toxic Laminate Flooring.

33. The conduct described above constitutes unfair or deceptive trade practices predominately and substantially affecting the conduct of trade and commerce throughout the United States in violation of the Alabama Deceptive Trade Practice Act, Ala. Stat. §8-19-5, and other similar state statutes prohibiting unfair and deceptive acts and practices (collectively "ADTPA").

34. The Defendants' deceptive trade practices are the proximate cause of the damages of the Plaintiffs, in an amount to be proven at trial.

35. Defendants' conduct complained of herein renders it liable under the other states' ADTPAs for damages for the consequences of such conduct.

36. Defendants' actions were willful, wanton, malicious, and in total disregard for the rights of the Plaintiffs. Defendants' knew or should have known, in light of the surrounding circumstances that their conduct in violation of states' Deceptive Trade Practices Acts would naturally and probably result in damages to Plaintiffs. Defendants continued its wrongful conduct with malice or in reckless disregard of the consequences, from which malice may be inferred. Further, Defendants' intentionally pursued its course of conduct for the purpose of causing Plaintiffs' damages. Punitive damages should be awarded to deter the actions of Defendants and others who might engage in similar action or conduct.

37. Plaintiffs are entitled to any and all penalties and/or multipliers of damages as may be provided for in the states' ADTPAs.

38. Plaintiffs are entitled to an award of reasonable attorneys' fees, costs of this action, plus pre-judgment and post-judgment interest as may be allowed by law.

### SECOND CAUSE OF ACTION
### (Unjust Enrichment)

39. Plaintiffs re-allege and incorporate herein by reference all preceding paragraphs, as if fully set forth herein.

40. As a result of Defendants' unlawful and deceptive actions described above, Defendants' were enriched at the expense of Plaintiffs through the payment of the purchase price for the Toxic Laminate Flooring.

41. Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from the Plaintiffs, in light of the fact that the Toxic Laminate Flooring purchased by Plaintiffs were illegal products and were not what Defendants represented them to be. Thus, it would be unjust and inequitable for Defendants to retain the benefit without restitution to the Plaintiffs for the monies paid to

Defendants for the Toxic Laminate Flooring.

## THIRD CAUSE OF ACTION
**(Breach of Implied Warranty of Merchantability)**

42. Plaintiffs re-allege and incorporate herein by reference all preceding paragraphs, as if fully set forth herein.

43. Implied in the purchase of the Toxic Laminate Flooring by Plaintiffs are the warranty that the purchased product is legal and can be lawfully sold and possessed.

44. Defendants reasonably knew or should have known those Toxic Laminate Flooring were unlawful for sale pursuant to The Toxic Substance Control Act, 15 U.S.C, 2601, *et. seq.*.

51. When Defendants sold these products they impliedly warranted that the products were legal and could be lawfully possessed and/or sold and therefore, merchantable.

52. No reasonable consumer would knowingly purchase a product that is illegal to own or possess.

53. The purchased Toxic Laminate Flooring is unfit for the ordinary purpose for which it was intended.

54. In fact, this Toxic Laminate Flooring is illegal, mislabeled, and economically worthless.

55. As a result, Plaintiffs were injured through their purchase of unsuitable, useless, illegal and unsellable products.

56. By reason of the foregoing, Plaintiffs were damaged in the amount they paid for Toxic Laminate Flooring, the cost of installation of said flooring, and the cost of removal

of said flooring.

## FOURTH CAUSE OF ACTION
### (Breach of Express Warranty)

57. Plaintiffs re-allege and incorporate herein by reference all preceding paragraphs, as if fully set forth herein.

58. Defendants' representations of fact and/or promises on the labels relating to their Toxic Laminate Flooring created express written warranties that the product would conform to Defendants ' representation of fact and/or promises.

59. The Defendants' description on the labeling of their Toxic Laminate Flooring that it complied with CARB and California emissions regulations became part of the basis of the bargain, creating express written warranties that the product purchased by Plaintiffs would conform to Defendants' description and specification. The Toxic Laminate Flooring purchased by Plaintiffs did not so conform.

60. Defendants' provided warranties that its Toxic Laminate Flooring were labeled in compliance with state law and were not mislabeled under state law. Defendants breached these express written warranties.

61. As a result of the foregoing, Plaintiffs have suffered damages, in that the value of the product they purchased was less than warranted by Defendants'.

62. Defendants' engaged in a scheme of offering the Toxic Laminate Flooring for sale to Plaintiffs by way of, inter alia, false and misleading product packaging and labeling.

63. Plaintiffs were the intended beneficiary of such representations and warranties.

64. Plaintiffs assert this cause of action for violations of Alabama law pertaining to

express warranties. Plaintiffs were injured as a result of Defendants' breach of their express warranties about the Toxic Laminate Flooring. Plaintiffs are entitled to damages arising from the breach of warranty.

## JURY DEMAND

Plaintiffs hereby demands a jury trial on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. Actual and/or compensatory damages and/or the recovery of civil penalties as provided by Ala. Stat. §8-19-1 and/or an award equal to the amount by which the Defendants have been unjustly enriched;

B. The cost of the flooring; the cost of the removal of the flooring and the cost of installation of the flooring;

C. An order awarding pre-judgment and post-judgment interest;

D. The costs of this proceeding and attorneys' fees, as provided by Ala. Stat. §8-19-1;

E. Punitive damages in an appropriate amount; and

F. Any further damages, compensatory, injunctive, equitable or declaratory relief including refunds as may be just and proper.

Dated this 3rd day of August, 2017

Respectfully submitted,

*/s/ Edward P. Rowan*
EDWARD P. ROWAN
Counsel for the Plaintiffs
Alabama Bar No. ASB-3430-A22E
Federal Bar No. ROWAE3430
TAYLOR MARTINO, P.C.
51 Saint Joseph Street
Mobile, AL 36602
Telephone: (251) 433-3131
Facsimile: (251) 433-4207
Email: ed@TaylorMartino.co

**DEFENDANTS' ADDRESSES**

LUMBER LIQUIDATORS, INC., a Delaware Corporation
3000 John Deere Road
Toano, Virginia 23168

LUMBER LIQUIDATORS, INC.
c/o Registered Agent
CORPORATION SERVICES COMPANY
2411 Centerville Road
Suite 400
Wilmington, Delaware 19808

LUMBER LIQUIDATORS LEASING, LLC,
a Delaware Limited Liability Corporation
3000 John Deere Road
Toano, Virginia 23168

LUMBER LIQUIDATORS HOLDINGS, INC.,
a Delaware Corporation,
3000 John Deere Road
Toano, Virginia 23168

LUMBER LIQUIDATORS SERVICES, LLC,
a Delaware Limited Liability Corporation,
3000 John Deere Road
Toano, Virginia 23168